**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CASE NO.: 5:14-cv-00178-RLV-DSC**

| | |
|---|---|
| **HIDDENITE BAPTIST CHURCH,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **CONFIDENTIALITY AGREEMENT** |
| ) | **AND PROTECTIVE ORDER** |
| **SOUTHERN MUTUAL CHURCH** ) | |
| **INSURANCE COMPANY,** ) | |
| ) | |
| Defendant. ) | |
| ) | |

To expedite the flow of discovery material, facilitate the prompt resolution of disputes over confidentiality, adequately protect material entitled to be kept confidential, and ensure that protection is afforded only to material so entitled, the Plaintiff and the Defendant (individually, a "Party" and collectively, the "Parties") each agree as follows:

1. The Parties acknowledge and agree that this Confidentiality Agreement sets forth the Parties' obligations with respect to business information that one or more of the Parties assert is confidential ("Confidential Information"). The Parties acknowledge and agree that, in the course of discovery, a Party may request information that the one or more of the opposing Parties deems to be Confidential Information. This Confidentiality Agreement shall cover all materials deemed in good faith by a Party to be Confidential Information, produced at any time throughout the course of the litigation and any appeals thereof.

2. Discovery material other than deposition testimony may be designated as Confidential Information by placing a "CONFIDENTIAL" stamp on any document or by designating intangible information as such. Deposition testimony shall be designated as Confidential Information either on the record at the deposition or by letter within five days after

1

receipt of the transcript. During the period in which a Party may timely designate deposition testimony as Confidential Information, the transcript shall be treated as containing Confidential Information and shall not be disclosed to any person other than as provided in Paragraph 4 below, except that deponents may review their own transcripts. Any intangible material may be designated as Confidential Information by the producing Party in writing provided to the receiving Party at the time of production.

3. The Confidential Information shall be used solely in connection with this action, including any appeals, and shall not be used in any other action or proceeding or for any other purpose whatsoever including, without limitation, the publication or disclosure to any person other than as expressly provided herein.

4. The Confidential Information may be shown only to:

a) Legal counsel in this action, and the legal, paralegal, and clerical employees of legal counsel in this action;

b) The Parties, their respective insurers, and the legal, paralegal, and clerical employees of legal counsel for the respective Parties in this action;

c) Any experts and their staff who are directly involved in the discovery and/or trial preparation of this case;

d) Deponents or trial witnesses at the time of their testimony, but only to the extent reasonably necessary to render their testimony;

e) Court reporters in the course of a deposition or court proceeding;

f) The Court and its personnel; and

g) The finder of fact at trial.

5. If a Party challenges another Party's designation of material as "Confidential," the challenging Party shall notify the other Party in writing. Thereafter, the Parties shall work in good faith to resolve any disagreement. If, after a reasonable time, an agreement cannot be reached, the

3858074.1

Parties shall have the right to submit the dispute, upon motion, to the Court for its consideration and ruling accordingly. The burden is on the designating Party to demonstrate good cause that the designation is appropriate.

6. Before any Confidential Information is disclosed to any person identified in Paragraph 4 (c) above, that person must first receive a copy of this Confidentiality Agreement and agree in writing (by completing and signing Exhibit A) to abide by the terms of this Agreement.

7. If any Party's counsel deems it necessary to disclose any Confidential Information to any person other than those identified in Paragraph 4 above, the counsel must first obtain the written consent of counsel for the party claiming confidentiality. If counsel for the party claiming confidentiality does not agree to the planned disclosure, counsel seeking the information may seek the Court's approval provided that all opposing counsel receive proper notice of the request.

8. Unless otherwise agreed to in writing by counsel for the Parties or ordered by the Court, any documents made part of the public record which attach documents constituting Confidential Information shall have the Confidential Information redacted, and a copy of this Protective Agreement shall be attached thereto. The Party seeking to make such documents part of the public record shall have the responsibility of providing the Judge and opposing counsel copies without redacted text.

9. Subject to the Federal Rules of Civil Procedure and the Federal Rules of Evidence, Confidential Information may be offered into evidence at trial or any hearing or oral argument, provided that the Party seeking to introduce such information gives reasonable advance notice to the Court and counsel for the producing or designating Party. Any Party may move for the Court for an Order that the evidence be received in camera or under other conditions to prevent unnecessary disclosure, including without limitation removal from the courtroom of persons not

authorized by this Confidentiality Agreement to receive the information. If presented at trial before a jury, the status of the evidence as Confidential Information shall not be disclosed to the jury.

10. Within thirty (30) days after this case and any appeals of this case end, the Parties and their counsel shall destroy all copies of all documents containing the Confidential Information in their possession, custody, or control. Without limiting the generality of the foregoing, the obligation to destroy such documents shall include the obligation to erase all images, compilations, copies, summaries, or abstracts of them from computer storage. Upon written request of counsel for a Party claiming confidentiality, other Parties and their respective counsel shall sign a certification stating that they have fully complied with this Paragraph.

11. This Confidentiality Agreement shall not be construed as waiving any right to assert a claim of privilege, relevance, or other grounds for not producing any documents or other requested material.

12. Nothing in this Confidentiality Agreement, or done by the Parties pursuant to this Confidentiality Agreement, shall constitute an admission by the Party or shall be used as evidence that the information designated as Confidential Information actually is or contains confidential or trade secret information as defined by law.

13. The inadvertent or unintentional disclosure by any Party of Confidential Information shall not be deemed in a waiver in whole or in part of that Party's claim of confidentiality under this Confidentiality Agreement, either as to the specific information disclosed or as to any other information relating to or on the same or a related subject matter.

14. If a Party, through inadvertence, produces any document or information that it believes, after good-faith inquiry, is immune from discovery pursuant to an attorney-client

privilege, the work product doctrine, or any other privilege, doctrine, or immunity, the producing Party may give written notice to the receiving Party that the document or information produced is deemed privileged and that return of the document or information is requested. Upon receipt of such written notice, the receiving Party shall immediately gather the original and all copies of the document or information of which the receiving Party is aware and shall immediately return the original and all such copies to the producing Party. The return of the document(s) and/or information to the producing Party shall not preclude the receiving Party from later moving the Court to compel production of the returned documents and/or information.

15. Nothing in this Agreement shall limit a Party's right to use its own Confidential Information as it deems appropriate.

16. Nothing in this Confidentiality Agreement shall abridge the right of any person to seek judicial modification or amendment of this Agreement.

17. The obligations created by this Confidentiality Agreement shall survive the termination of this lawsuit unless otherwise modified by the Court. The parties agree that the Court in which the subject lawsuit is venued shall retain jurisdiction, even after termination of this lawsuit, to enforce this Confidentiality Agreement and to make such amendments and modifications to this Agreement as may be appropriate.

**It is therefore agreed that, from the latest date contained in the signatory provisions that follow, this Confidentiality Agreement shall govern through the course of this litigation and beyond.**

**The ultimate disposition of protected materials shall be subject to a final order of the Court upon completion of the litigation.**

SO ORDERED.

Signed: July 15, 2015

David S. Cayer
United States Magistrate Judge

CONSENTED TO BY:

/s/ Nicole C. Vinson
Nicole Vinson, NC State Bar No. 44878
Merlin Law Group, PA
777 S. Harbour Island Blvd., Suite 950
Tampa, FL 33602
(T) 813.229.1000
(F) 813.229.3692
nvinson@merlinlawgroup.com
*Attorney for Plaintiff, Hiddenite Baptist Church*


/s/ John I. Malone, Jr.
John I. Malone, Jr., NC State Bar No. 22180
Goldberg Segalla LLP
800 Green Valley Road, Suite 302
Greensboro, NC 27408
(T) 336.419.4900
(F) 336.419.4950
jmalone@goldbergsegalla.com
*Attorney for Defendant Southern Mutual Church Insurance Company*

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CASE NO.: 5:14-cv-00178-RLV-DSC**

| | |
|---|---|
| **HIDDENITE BAPTIST CHURCH,** )<br>)<br>**Plaintiff,** )<br>)<br>**v.** )<br>)<br>**SOUTHERN MUTUAL CHURCH** )<br>**INSURANCE COMPANY,** )<br>)<br>**Defendant.** )<br>) | **EXHIBIT A** |

AGREEMENT CONCERNING INFORMATION COVERED BY
CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER

I have been designated by \_\_\_\_\_[PARTY NAME]\_\_\_\_\_ as a person who may have access to Confidential Information as that term is defined in the Confidentiality Stipulation and Protective Order (the "Order") entered in the above-entitled case.

Having read the Order, I agree to comply fully with it and to be bound by its terms with respect to all documents and information designated as "Confidential" under the Order. I agree not to copy any documents or information that have been designated as "Confidential" and disclosed to me and not to disclose such documents or information to any person or entity not authorized under the Order to view Confidential Information.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this _____ day of _____, 20\_\_.

_____
Name

_____
Address

_____
Employer

_____
Job Title